UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| IN RE: | |
| KEITH ALAN CUNNINGHAM, | CHAPTER 7 |
| DEBTOR | CASE NO. 14-51564-TNW |

| | |
|---|---|
| KEITH ALAN CUNNINGHAM, | PLAINTIFF |
| VS. | |
| | ADV. NO. 14-05035 |
| KENTUCKY DEPARTMENT OF REVENUE, | DEFENDANT |

SUMMARY JUDGMENT OPINION

Debtor/Plaintiff Keith Alan Cunningham ("Cunningham") having moved that this Court grant him a summary judgment against Defendant Kentucky Department of Revenue ("Revenue") that his debt to Revenue for Kentucky income tax is fully dischargeable, the Court having reviewed the record and being otherwise sufficiently advised, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), and therefore, this Court is authorized to enter a final judgment in this matter.

2. The Complaint and summons herein were properly served upon Revenue, and the time within which Revenue was authorized by the Bankruptcy Rules to file an Answer to the Complaint has expired, and Revenue has not requested an extension of time within which to file an Answer.

3. Revenue has not filed an Answer or otherwise pleaded in response to the Complaint herein.

-2-

4. Based upon the Affidavit of Debtor Keith Alan Cunningham, which has not been denied or contravened in any manner by Revenue, there is no genuine issue of material fact concerning the Kentucky state income taxes owed by Cunningham for the tax years 1999 through 2005, and the tax return filed for each year meets each of the tests set forth in Section 523(a)(1) of the Bankruptcy Code for dischargeability, in that:

   a. The due date for filing the tax return for each calendar year from 1999 through 2005 was more than three years prior to the filing of the voluntary petition herein;

   b. The tax return for each calendar year from 1999 through 2005 was filed at least two years prior to the filing of the voluntary petition herein;

   c. The tax assessment of all income taxes for each calendar year from 1999 through 2005 was made more than 240 days prior to the filing of the voluntary petition herein;

   d. The tax returns for each calendar year from 1999 through 2005 were not fraudulent; and

   e. Cunningham is not guilty of tax evasion.

5. Section 523(a) of the Bankruptcy Code (11 USC § 523(a)(1)) provides:

(a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507 (a)(3) or 507 (a)(8) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, or equivalent report or notice, if required—

(i)    was not filed or given; or

(ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

6. Section 507(a)(3), which is incorporated by reference into Section 523(a)(1) provides that "unsecured claims allowed under section 502 (f) of this title" are not dischargeable.

Section 502(f) provides:

In an involuntary case, a claim arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee and the order for relief shall be determined as of the date such claim arises, and shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

7. Section 502(f) is not applicable to this case, because this case in not an involuntary case.

8. Section 507(a)(8) of the Bankruptcy Code, incorporated by reference into Section 523(a), provides:

Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition—

(i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
(ii) assessed within 240 days before the date of the filing of the petition, exclusive of—

(I) any time during which an offer in compromise with respect to that tax was pending or in effect during that 240-day period, plus 30 days; and
(II) any time during which a stay of proceedings against collections was in effect in a prior case under this title during that 240-day period, plus 90 days; or

    (iii) other than a tax of a kind specified in section 523 (a)(1)(B) or 523 (a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case[.]

9. Therefore, as a matter of law, all Kentucky state income taxes, penalties, interest, and fees for the calendar years 1999 through 2005, plus the lien fee and administrative fee, are fully dischargeable.

10. Therefore, Cunningham's Motion for Summary Judgment shall be granted, and all taxes owed to Revenue for tax years 1999 through 2005 are hereby deemed to be DISCHARGEABLE in full.

11. A separate order in conformity herewith shall be entered.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Thursday, February 12, 2015**
**(cd)**